IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. JONES, | |
| Plaintiff, | 4:22CV3172 |
| vs. | |
| STATE OF NEBRASKA DHHS, MICHEAL GREENLEE,[1] CHRISTOPHER D. SEIFERT, DR. RAJEEV CHATTARVETI, and DR. KATHLEEN BARRETT, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff James E. Jones filed his Complaint on August 22, 2022. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 6. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For purposes of this initial review, the Court will consider the motion filed by Plaintiff on September 21, 2022, Filing No. 9, as supplemental to the Complaint.

## I. SUMMARY OF COMPLAINT

As best the Court can tell, Plaintiff is presently confined in the Norfolk Regional Center ("NRC") pursuant to a mental health commitment order. Plaintiff names as defendants the State of Nebraska Department of Health and Human Services ("DHHS"), Attorney General Micheal Greenlee ("Greenlee"), Deputy Lancaster County Attorney Christopher D. Seifert ("Seifert"), and Lincoln Regional Center ("LRC") employees, Dr. Rajeev Chattarveti ("Dr. Chattarveti") and Dr. Kathleen Barrett ("Dr. Barrett"). Plaintiff's

---

[1] Micheal Greenlee is listed in the body of the Complaint as a defendant, Filing No. 1 at 2, but is not listed as a defendant in the Court's records. The Court will direct the Clerk of Court to update the Court's records to include Greenlee as a defendant.

Complaint is difficult to decipher, but he appears to raise Fifth Amendment claims against Defendants.  Filing No. 1 at 5.

In his "Statement of Claim," Plaintiff alleges that on February 25, 2018, in Lincoln, Nebraska, he "was deem[ed] incompetent without a plea bargain after 5 months in jail 5 competency hearings without 5[th] amendment rights."  *Id.*[2]  For his injuries, Plaintiff alleges, "I had to cry suicidal just to never get appropriate med I was on for life."  *Id*. Liberally construed, Plaintiff appears to complain about a delay in receiving surgery while he was housed in the Lancaster County Adult Detention Center as he alleges he filed a grievance to the "clinic" about "Blood Clots, Pulmunary Emblemnizem [sic], and "had surgery."  *Id.* at 6–7.  As relief, Plaintiff seeks "$500,000 for medical neglegencies [sic] because once I got here in NRC I had surgery @ Faith Regional Center to put in 7 cathedar [sic] for my blood clots I was telling ADF Jail for."  *Id.* at 5.

Plaintiff also submitted a letter on September 21, 2022, which the Court docketed as a motion, in which he includes additional factual allegations regarding some of the named Defendants.[3]  Filing No. 9.  Plaintiff alleges that from "2010–2017" Dr. Chattarveti "placed an inhumane order on [him] and had [him] in seclusion in wrist shackles and leg ankle shackles for 5 days with no water barely late stale meals that where [sic] cold" after Plaintiff was assaulted by another patient at the LRC.  *Id.* at 3. From 2005 to the present, Dr. Barrett is alleged to have "deemed [Plaintiff] competent but her testimony was not acknowledged even though on summons also Mike Streeter

---

[2] Unless otherwise noted, citations to Plaintiff's pleadings have been corrected for spelling.

[3] Plaintiff refers to Defendants Dr. Chattarveti, Dr. Barrett, and Siefert in his motion but uses different spellings for each of their names.  *Compare* Filing No. 9 at 1, 3 *with* Filing No. 1 at 2–3.  The Court will use the spellings of Defendants' names used in the Complaint.

and Stephanie Bruhn was against [Plaintiff] so her judgement over ruled and already diagnoses of competent." Id. Plaintiff also alleges Siefert

> violated my constitutional rights of me pleading the 5th to the Sheriffs of Lancaster County and they forced me incompetent in order against my plea of the 5th amendment of US Constitution and Nebraska Constitution in which I also after 5 months in solitary confinement in corner room #22 Mental Health Unit behind the glass with view and contact only 1 hour per day with guard C.O.s for shower and 30 minute rec time, all this time I was never given a plea bargain.

Id. Finally, Plaintiff appears to complain that the State of Nebraska wrongfully deemed him incompetent and involuntarily committed him on multiple occasions between 1993 and the present. Id. at 4.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim,

3

and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, the Court finds that the Complaint fails to state a claim for relief against any of the named Defendants and should be dismissed.

**A. Sovereign Immunity**

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor

4

does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks monetary damages from the State of Nebraska DHHS and two LRC employees, Dr. Chattarveti and Dr. Barrett, in their official capacities. *See* Filing No. 1 at 3. As discussed above, the Eleventh Amendment bars monetary damages claims against the state, its instrumentalities, and state employees sued in their official capacities. The LRC and the DHHS are both state instrumentalities.[4] *See Pointer v. Lincoln Reg'l Ctr.*, No. 8:08CV80, 2008 WL 2773859, at \*2 (D. Neb. July 14, 2008). Dr. Chattarveti and Dr. Barrett are alleged to be state employees of the LRC and, as such, enjoy sovereign immunity for damages claims made against them in their official capacity absent a waiver of immunity by the state or an override of immunity by Congress. There is no indication that Nebraska waived or Congress overrode immunity here. Therefore, Plaintiff's claims against the State of Nebraska DHHS and Dr. Chattarveti and Dr. Barrett in their official capacities must be dismissed.

**B. Dr. Chattarveti and Dr. Barrett**

Even if Plaintiff had sued Dr. Chattarveti and Dr. Barrett in their individual capacities, the Complaint fails to allege a plausible claim for relief against either of them.

First, Plaintiff's allegations against Dr. Barrett fail to suggest any discernible constitutional claim against her. *See* Filing No. 9 at 3. Additionally, to the extent Plaintiff's claims against Dr. Barrett relate to any testimony she provided with respect to

---

[4] Moreover, a suit may be brought under § 1983 only against a "person" who acted under color of state law. A state is not a "person" as that term is used in § 1983 and is not suable under the statute. *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991). Thus, § 1983 does not create a cause of action against the LRC or the DHHS.

his commitment proceedings, Dr. Barrett would be entitled to absolute immunity from Plaintiff's civil rights claims. See *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) (trial witnesses entitled to absolute immunity from civil rights suits).

With respect to Dr. Chattarveti, Plaintiff's allegations establish that his claims arise from conduct occurring in 2017 or earlier and are, thus, barred by the statute of limitations. See Filing No. 9 at 3. The length of the statute of limitations for a § 1983 claim is the same as the length of the statute of limitations "for personal-injury torts" in "the State in which the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Nebraska, § 1983 actions are subject to a four-year statute of limitations. See *Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207 ("The following actions can only be brought within four years: . . . (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated . . . ."). Because Plaintiff's purported civil rights claims against Dr. Chattarveti accrued more than four years prior to the filing of this lawsuit, they are barred by the statute of limitations[5] and must be dismissed.[6] *See, e.g.*, *Johnson v. Mott*, 376 F. App'x 641 (8th Cir. 2010) (unpublished) (§ 1983 claim that was barred by the applicable statute of limitations was properly dismissed with prejudice under Fed. R. Civ. P. 12(b)(6)); *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (affirming dismissal with prejudice because complaint showed statute of limitations had run).

---

[5] "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action. Accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Haltom v. Parks*, No. 8:15-CV-428, 2018 WL 1033488, at *2 (D. Neb. Feb. 21, 2018) (citations omitted).

[6] Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint as frivolous when it is apparent that the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

**C. Greenlee**

Plaintiff names "Micheal Greenlee Attorney General" as a defendant in his Complaint, Filing No. 1 at 2, but the Complaint is silent as to Greenlee's involvement in the claims alleged.[7] As a result, Plaintiff has failed to state a claim upon which relief can be granted against Greenlee. See *Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

**D. Seifert**

Plaintiff sues Deputy Lancaster County Attorney Seifert in his official capacity. Filing No. 1 at 2. Liberally construed, Plaintiff's claims against Seifert in his official capacity are claims against Lancaster County, Nebraska. See *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

In order to state a plausible claim against Lancaster County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645

---

[7] Indeed, it should be noted that the Complaint fails to allege any of the named Defendants' involvement in Plaintiff's claim for relief related to his medical care at the Lancaster County Adult Detention Center. As the Court is dismissing this matter without prejudice, Plaintiff will not be prevented from pursuing relief related to his medical care claims against the proper parties involved.

7

(8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County's attorneys, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct, or that any unconstitutional custom was the moving force behind his injuries. Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against Lancaster County. Thus, Plaintiff's claims against Seifert in his official capacity must be dismissed. See *Parsons v. McCann*, 138 F. Supp. 3d 1086, 1098 (D. Neb. 2015) (claims against county attorneys in their official capacities were actually claims against county that employed them).

The Court further concludes it would be futile to allow Plaintiff to amend his Complaint to allege claims against Seifert in his individual capacity. "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*,

327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." Id. "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir.1996). Negotiating plea agreements is also a prosecutorial function. Jordan v. Bell, No. 4:21CV1242 HEA, 2022 WL 4245440, at *5 (E.D. Mo. Sept. 15, 2022) (explaining that "negotiation of plea offers are clearly an essential part of the prosecutorial function."). Moreover, "[b]ecause [prosecutorial] immunity depends upon the functional nature of the prosecutor's activities, allegations of improper motive in the performance of prosecutorial functions will not defeat its protection." Id. (internal quotation marks omitted) (quoting Sample v. City of Woodbury, 836 F.3d 913, 916 (8th Cir. 2016)).

Here, Plaintiff alleges only that Seifert never offered Plaintiff a plea bargain and took part in his competency proceedings. See Filing No. 1 at 5; Filing No. 9 at 3. Plaintiff does not allege any facts against Seifert that suggest any actions taken outside the scope of his prosecutorial functions during Plaintiff's criminal and/or mental health commitment proceedings. Accordingly, the Court will dismiss Plaintiff's claims against Seifert without leave to amend as he is immune from suit.

## IV. PENDING MOTION

Plaintiff filed a motion requesting to be present in Court for his "docket hearing" and that summons be issued to Defendants "for trial." Filing No. 9 at 1. As the Court

9

has determined that the Complaint should be dismissed for failure to state a claim, Plaintiff's motion will be denied as moot.

## V. CONCLUSION

Plaintiff's Complaint fails to allege a claim upon which relief can be granted against any of the Defendants. Plaintiff's claims against the State of Nebraska DHHS and Dr. Chattarveti and Dr. Barrett in their official capacities are barred by sovereign immunity. Plaintiff's allegations are insufficient to state a claim for relief against either Dr. Barrett or Greenlee in their individual capacities, and any individual capacity claims against Dr. Chattarveti would be barred by the statute of limitations. The Complaint also fails to state a claim against Seifert in his official capacity, and he would be absolutely immune from Plaintiff's claims in his individual capacity. Accordingly, the Court will dismiss this matter without prejudice and finds that further amendment of Plaintiff's claims against the named Defendants would be futile.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. A separate judgment will be entered.

3. Plaintiff's pending motion, Filing No. 9, is denied as moot.

4. The Clerk of Court is directed to update the caption to add "Micheal Greenlee" as a defendant in this matter.

Dated this 18th day of May, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

11